KINGS COUNTY.—HON. JACOB I. BERGEN, SURRO-
GATE.—January, 1883.

SPECKLES V. PUBLIC ADMINISTRATOR.

*In the matter of the estate of* BRIDGET SPECKLES, *de-
ceased.*

A local statute supersedes, with respect to the locality to which it applies,
a prior general statute, to the extent wherein it conflicts therewith.

Under R. S., part 2, ch. 6, tit. 2, § 27, as amended by L. 1867, ch. 782
(3 Banks, 7th ed., 2290), providing that "administration in case of
intestacy shall be granted to the relatives of the deceased who would
be entitled to succeed to his personal estate, if they or any of them
will accept the same, in the following order: . . . If any of the
persons so entitled be minors, administration shall be granted to their
guardians;"—and the subsequent act, L. 1871, ch. 335, as amended
by L. 1877, ch. 154, and by L. 1882, ch. 124, providing that the public
administrator in Kings county "shall have the prior right and author-
ity to . . . administer . . . in the following cases: 1. When-
ever such person shall die, leaving any assets or effects in the county
of Kings, and there shall be no widow, husband or next of kin, en-
titled to have distributive share in the estate of said intestate, resident
in the State, entitled, competent or willing to take out letters of admin-
istration on such estate: "—

*Held,* that an application by the general guardian of the infant grandchil-
dren of a decedent, who died leaving her surviving no husband or
adult next of kin, for letters of administration upon decedent's estate,
to be issued to the applicant, should be denied, the public administra-
tor being entitled thereto.

APPLICATION for letters of administration upon the
estate of decedent, made by Mary E. Speckles, general
guardian of two infant grandsons, next of kin of dece-
dent; opposed by the public administrator. The facts
appear sufficiently in the opinion.

CHARLES H. OTIS, *for the public administrator.*

McGUIRE & KUHN, *for general guardian.*

The Surrogate.—The question for my consideration is: Who is first entitled, the general guardian of the minor next of kin, or the public administrator? Section 27 of the R. S., part 2, ch. 6, tit. 2, provides that administration in case of intestacy, shall be granted to the relatives of the deceased who would be first entitled to succeed to his personal estate, if they or any of them will accept the same, in the order there specified. "If any of the persons so entitled be minors, administration shall be granted to their guardians" (*L. 1867, ch. 782, § 6*).

Under that act, there could be no doubt but that the guardian of the next of kin would be entitled to administration. But by L. 1871, ch. 335, as amended by L. 1877, ch. 154, and by L. 1882, ch. 124, it was provided, in relation to the public administrator in Kings county:

"Sec. 4. Such public administrator shall have the prior right and authority to . . . . administer . . . . in the following cases: Wherever such person shall die leaving assets in the county of Kings, and there shall be no widow, husband or *next of kin* entitled to have distributive share in the estate of said intestate, resident in the State, entitled, *competent* or willing to take out letters of administration on such estate."

The special act creating the office of public administrator, and the amendments thereto, were passed subsequently to the general act, and must, therefore, be deemed to have superseded it, to the extent wherein they conflict with it. It will be noticed, by reference to the act appointing the public administrator, and the amendments thereto, that it gives the prior right to the public administrator, if none of the next of kin entitled, *competent* or willing to take out letters, etc., avail themselves

of their rights. It certainly cannot be said that the guardian of minors comes within the meaning of next of kin. In the case at bar, Mary E. Speckles is not of the next of kin, and is not entitled to a distributive share in the estate of the decedent; the infants whom she represents are of next of kin, but are not *competent* by reason of their minority.

I am, therefore, of the opinion that the guardian of said minors is not entitled to the letters applied for; but that letters should be granted to the public administrator, unless some other next of kin applies who is competent and willing to accept.

Decreed accordingly.